**Dale T. WILSON, Plaintiff–Appellant,**

v.

**Mike HOLT, Lt.; Jackson Police Department; Cathy Fergeson, Inv.; Jeff Sheppard, Inv.; Austin, Inv.; Jerry Priddy, Capt.; C.J. Chapman; City of Jackson, Medical Center Ems; Linda Wood; Mary Ellen Edwards; Robert P. Edwards; Jeff Davis, Defendants–Appellees.**

**No. 01–6506.**

United States Court of Appeals, Sixth Circuit.

Aug. 19, 2003.

Before KEITH and COLE, Circuit Judges; and WEBER, District Judge.*

## OPINION

PER CURIAM.

Plaintiff–Appellant Dale T. Wilson became embroiled in a domestic dispute with his girlfriend. Defendant Mary Edwards, and her ex-husband. Defendant Robert Edwards, after Mary Edwards left Wilson to remarry Robert Edwards. At the culmination of this conflict, as Wilson returned to the home which he had shared with Mary Edwards to retrieve some of his belongings, Wilson was arrested.

As a result of the arrest and the surrounding circumstances. Wilson brought this action against Mary and Robert Edwards; Linda Wood, a neighbor whom he alleges unlawfully granted the police entry into his house: Officers Mike Holt. Cathy Fergeson, Jeff Sheppard. (John Doe) Austin and Jerry Priddy for their involvement in his arrest and the search of his person and home: the City of Jackson. Tennessee: C.J. Chapman, the city court clerk, for issuing the arrest warrant: Medical Center Emergency Medical Services ("MCEMS"), which transported him from jail to the hospital after he allegedly passed out: and the MCEMS technician who treated him during his transport. Wilson contends that the defendants violated his federal and state constitutional rights and that their actions constituted various common law torts.

This is not Wilson's first lawsuit arising from this matter. Initially, Wilson filed a virtually identical action with the district court in the Western District of Tennessee. The district court, finding that the complaint alleged only frivolous claims, dismissed the case and certified that any appeal would not be taken in good faith. Wilson nevertheless appealed this decision, and this Court dismissed the appeal on all but one count. Another panel of this Court affirmed the district court decision with regard to the remaining count.

In the present suit, in a series of orders, the district court granted the defendants' motions for summary judgment, finding that Wilson's claims were barred either by res judicata, the applicable statute of limitations, or quasi-judicial immunity. We believe that the district court orders granting summary judgment adequately explain the factual history relevant to this case and properly describe and apply the relevant law and legal standards. After conducting a de novo review, and independently researching and analyzing the issues presented, we believe that the district court provided an exhaustive analysis, the repetition of which is unnecessary. We therefore affirm each of the district court orders presently before us for the reasons stated by the district court.

---

* The Honorable Herman J. Weber. United States District Judge for the Southern District of Ohio, sitting by designation.